IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JOSEPH BARATTA | ) Civil Action No. 05-60187 MARRA/ |
| | ) SELTZER |
| Plaintiff, | ) |
| | ) DEFENDANT HOMELAND |
| | ) HOUSEWARES, LLC'S MOTION TO |
| v. | ) ENFORCE SETTLEMENT AGREEMENT |
| | ) AND REQUEST FOR EVIDENTIARY |
| HOMELAND HOUSEWARES, LLC, | ) HEARING |
| | ) |
| Defendant. | ) |

Defendant Homeland Housewares, LLC ("Homeland") hereby moves this Court for an order compelling plaintiff Joseph P. Baratta ("Baratta") to comply with the terms of the parties' settlement agreement pursuant to the Court's inherent power and 11th Circuit case law. *See, Kent v. Baker*, 815 F.2d 1395, 1400 (11th Cir. 1987)("A district court has jurisdiction to enforce a settlement agreement, at least when one party refuses to abide by the agreement prior to dismissal of the action.").

This motion is made upon the grounds that on August 11th and 17th, 2006, the parties entered into a valid and binding oral settlement agreement which was modified on August 17, 2006. The terms of the agreement were definite and certain and plaintiff Baratta assented to those terms. The terms of the agreement were as follows:

   A.   Homeland agreed to pay Baratta a total of $315,000 in three equal installments of $105,000 each. The payments were to be made to the Patent Law Offices of Rick Martin, P.C. The first installment was to be paid upon the signing of a written memorialization of the parties agreement by Baratta. The second and third installments were to be paid at 30 day intervals thereafter.

   B.   In exchange for the $315,000 in monetary consideration, Baratta agreed to provide Homeland with an exclusive, royalty-free, worldwide, and sole license, with the right to grant sublicenses under the '032 patent to make, use, have made, import,

offer to sell, or sell juicer attachments as described and claimed in the '032 patent, for the life of the patent. Baratta agreed that he reserved no right to grant sub-licenses under the '032 patent to third parties.

C. Baratta and Homeland also agreed that Homeland would grant to Baratta a royalty-free sublicense to make, use, have made, import, offer to sell and sell juicer attachments as described and claimed in the '032 patent. The parties agreed that any juicer attachments sold by Baratta would be clear in color, while any juicer attachments sold by Homeland would be gray in color.

D. Baratta and Homeland also agreed that in the event of infringement of the '032 patent by a third party, Homeland would have the exclusive right to bring suit at its own expense for such infringement. In the event Homeland elected to bring any suit for infringement, Baratta agreed to join as a party plaintiff and further agreed, to the extent reasonably necessary, to cooperate with Homeland in pursuing any infringers. Homeland and Baratta agreed to split equally the proceeds, after deduction for attorneys' fees and costs, of any monetary judgment that may have resulted from any suit for infringement. Homeland agreed to bear all fees and costs of any such infringement action.

E. The parties also agreed that in the event Baratta developed any improvement to the juicer attachment claimed in the '032 patent, that any such improvement would be subject to the license.

The parties also agreed to release each other from all claims, past or present, known or unknown, which were asserted or could have been asserted in this litigation, and further agreed that the settlement did not constitute an admission of liability as to either party and that each party would bear its own attorneys' fees and costs. (Cislo Decl. ¶7.)

This motion is based upon the accompanying Memorandum of Points and Authorities, and the Declaration of Daniel M. Cislo, as well as all pleadings and papers on file in this action, and upon such other evidence and oral argument as the Court may entertain at the time of the hearing.

Homeland further requests an evidentiary hearing to take testimony of Rick Martin, Esq., and Plaintiff Joseph Baratta as to whether or not Joseph Baratta authorized the above referenced settlement agreement.

Counsel for Homeland has contacted new counsel for plaintiff Baratta in order to obtain his consent to this motion. Plaintiff's counsel does not consent to the granting of this motion.

Dated this 7th day of December, 2006.

Respectfully submitted,

By: _____/smgaffigan/_____
Stephen M. Gaffigan, P.A.
LAW OFFICES OF STEPHEN M. GAFFIGAN
312 S.E. 17th Street, Second Floor
Ft. Lauderdale, Florida 33316
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
Email: Stephen@smgpa.net

Daniel M. Cislo, Esq.
    Admitted Pro Hac Vice
David B. Sandelands, Esq.
    Admitted Pro Hac Vice
CISLO & THOMAS, LLP
233 Wilshire Boulevard, Suite 900
Santa Monica, California 90401
Telephone: (310) 451-0647
Facsimile: (310) 394-4477

Attorneys for Homeland Housewares, LLC

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was mailed this 7th day of December, 2006 to: **David A. Gast, Esq.**, Malloy & Malloy, P.A., 2800 S.W. Third Avenue, Miami, Florida 33129.

```
            /smgaffigan/
         Stephen M. Gaffigan
```