IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JOSEPH BARATTA | Civil Action No. 05-60187 MARRA/ LYNCH |
| Plaintiff, | MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT |
| v. | |
| HOMELAND HOUSEWARES, LLC, | |
| Defendant. | |

## I.

## INTRODUCTION

On February 4, 2005, or more than 18 months ago, Plaintiff Joseph P. Baratta ("Baratta") filed the complaint in this action. (Cislo Dec. Exh. A, D.R. 1.) Baratta is the owner of U.S. Patent No. 5,662,032 ("the '032 patent") which claims a juicer for use in a blender. Baratta's juicer is a simple cylindrical sleeve with holes in the side. In his complaint, Baratta alleged that the juicer included as an accessory to Homeland's Magic Bullet® blender infringed the '032 patent. Homeland denied Baratta's claims.

On July 21, 2005, Homeland filed a request for reexamination of the the '032 patent. On September 28, 2005, the United States Patent & Trademark Office ("Patent Office") granted Homeland's request for reexamination. On October 17, 2005, Homeland filed a motion to stay these proceedings pending the outcome of the reexamination proceedings before the Patent Office. See a true and correct copy of the Court docket as of November 16, 2006 attached as Composite Exhibit "A" to the Declaration of Daniel Cislo ("Cislo Dec.")attached hereto as Exhibit "1." On November 9, 2005, this Court issued an Order staying this action pending the outcome of the reexamination proceedings. See Composite Exhibit "A" to the Cislo Dec. On

May 12, 2006, the Patent Office issued a Notice of Intent to Issue an Ex Parte Reexamination certificate for the '032 patent.

Thereafter, desiring to avoid costly litigation over a simple juicer, Homeland entered into settlement negotiations with Baratta. See Cislo Dec. ¶¶3-12 together with a true and correct copy of the parties' draft Settlement Agreement attached thereto as Exhibit "B." From about mid-May through August of 2006, the parties engaged in good faith settlement negotiations. (Id.) As a result of these settlement negotiations, the parties reached a verbal settlement on or about August 17, 2006, that was definite and certain in its material terms and agreed to by both Homeland and Baratta. See Cislo Dec. at ¶6. Pursuant to the parties' verbal settlement agreement, Homeland and Baratta agreed to the following:

(a) Homeland agreed to pay Baratta a total of $315,000 in three equal installments of $105,000 each. The payments were to made to the Patent Law Offices of Rick Martin, P.C. The first installment was to be paid upon the signing of a written memorialization of the parties agreement by Baratta. The second and third installments were to be paid at 30 day intervals thereafter.

(b) In exchange for the $315,000 in monetary consideration, Baratta had agreed to provide Homeland with an exclusive, royalty-free, worldwide, and sole license, with the right to grant sublicenses under the '032 patent to make, use, have made, import, offer to sell, or sell juicer attachments as described and claimed in the '032 patent, for the life of the patent. Baratta agreed that he reserved no right to grant sub-licenses under the '032 patent to third parties.

(c) Baratta and Homeland also agreed that Homeland would grant to Baratta a royalty-free sublicense to make, use, have made, import, offer to sell and sell juicer attachments as described and claimed in the '032 patent. The parties agreed that any juicer attachments sold by Baratta would be clear in color, while any juicer attachments sold by Homeland would be gray in color.

(d) Baratta and Homeland also agreed that in the event of infringement of the '032 patent by a third party, Homeland would have the exclusive right to bring suit at its

own expense for such infringement. In the event Homeland elected to bring any suit for infringement, Baratta agreed to join as a party plaintiff and further agreed, to the extent reasonably necessary, to cooperate with Homeland in pursuing any infringers. Homeland and Baratta agreed to split equally the proceeds, after deduction for attorneys' fees and costs, of any monetary judgment that may have resulted from any suit for infringement. Homeland agreed to bear all fees and costs of any such infringement action.

(f) The parties also agreed that in the event Baratta developed any improvement to the juicer attachment claimed in the '032 patent, that any such improvement would be subject to the license.

The parties also agreed to release each other from all claims, past or present, known or unknown, which were asserted or could have been asserted in this litigation, and further agreed that the settlement did not constitute an admission of liability as to either party and that each party would bear its own attorneys' fees and costs. See Cislo Dec. at ¶7.

After reaching the verbal agreement discussed above, on or about August 31, 2006, Homeland provided Baratta with a confidential settlement agreement which memorialized in writing the parties' prior verbal agreement. See Cislo Dec. at ¶8 together with a true and correct copy of Cislo's correspondence, dated September 15, 2006, to Rick Martin enclosing a revised Settlement Agreement attached thereto as Exhibit "C." Homeland expected Baratta to promptly sign the agreement. However, rather than execute the agreement, Baratta "quibbled" over a nonessential term. More specifically, the agreement allowed for both parties to make and sell juicers. Baratta's juicers were to be clear in color and Homeland's juicers were to be gray in color. See Cislo Dec. ¶10. However, in September of 2006, Baratta demanded the right to make juicers in colors other than clear. (Id.) Homeland agreed to this demand and promptly revised the Settlement Agreement to accord with Baratta's wishes regarding this nonessential term, and on September 20th provided Baratta with the revised settlement agreement. See Cislo Dec. at ¶11 together with the parties' third draft Settlement Agreement attached thereto as Exhibit "D." Again, Homeland expected Baratta to promptly execute the agreement. Despite

3

receiving many assurances from Baratta that the parties had settled, Homeland never received an executed copy of the agreement. See Cislo Dec. at ¶12. Subsequently, on or about October 20th, Baratta's counsel's, i.e. Rick Martin, moved to withdraw as counsel for Baratta in this action. (*Id.*) For reasons unknown to Homeland, Baratta now alleges that no settlement was reached. In this regard, Baratta is mistaken. Baratta entered into a judicially enforceable agreement and for the reasons discussed below, this Court should enforce that agreement.

## II.

## THE COURT POSSESSES THE POWER TO SUMMARILY ENFORCE THE PARTIES' SETTLEMENT AGREEMENT

Pursuant to Eleventh Circuit law, the construction and enforcement of settlement agreements are governed by the general contract law of the state in which the action resides. *Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. 1985). Accordingly, Florida contract law is controlling here. Settlements are highly favored as a means to conserve judicial resources, and will be enforced when it is possible to do so. *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994); *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985); *Healey v. Healey*, 658 So. 2d 1096, 1098 (Fla. 1st DCA 1995). Oral settlement agreements are enforceable under Florida law. *Skrtich v. Thornton*, 2003 U.S. Dist. Lexis 27200 at *5 (D.C. M.D. Florida.) Settlements are construed in accordance with the rules for interpretation of contracts. *Robbie*, 469 So. 2d at 1385; *Williams v. Ingram*, 605 So. 2d 890, 893 (Fla. 1st DCA 1992). To be judicially enforceable, a settlement agreement "must be sufficiently specific and mutually agreeable as to every essential element." *Williams v. Ingram*, 605 So. 2d at 893; *Gaines v. Nortrust Realty Management, Inc.*, 422 So. 2d 1037, 1039-1040 (Fla. 3d DCA 1982). However, uncertainty as to nonessential terms or small items will not preclude the enforcement of a settlement agreement. *Blackhawk Heating & Plumbing Company, Inc. v. Data Lease Finance Corp.*, 302 So. 2d 404, 407 (Fla. 1974). A district court's decision to summarily enforce a settlement agreement is reviewed for an abuse of discretion. *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1485 (11th Cir. 1994).

A.  **The Court Should Enforce the Settlement Agreement Because the Essential Terms are Definite and Certain**

To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon. The party seeking to enforce a settlement agreement has burden of establishing "a meeting of the minds or mutual reciprocal assent to a certain and definite proposition." *Long Term Management, Inc. v. University Nursing Care Center, Inc.*, 704 So. 2d 669, 673 (Fla. 1st DCA 1997).

Here the essential terms are definite and certain. The parties agreed to the following:

(a) Homeland agreed to pay Baratta a total of $315,000 in three equal installments of $105,000 each. The payments were to be made to the Patent Law Offices of Rick Martin, P.C. The first installment was to be paid upon the signing of a written memorialization of the parties agreement by Baratta. The second and third installments were to be paid at 30 day intervals thereafter.

(b) In exchange for the $315,000 in monetary consideration, Baratta agreed to provide Homeland with an exclusive, royalty-free, worldwide, and sole license, with the right to grant sublicenses under the '032 patent to make, use, have made, import, offer to sell, or sell juicer attachments as described and claimed in the '032 patent, for the life of the patent. Baratta agreed that he reserved no right to grant sub-licenses under the '032 patent to third parties.

(c) Baratta and Homeland also agreed that Homeland would grant to Baratta a royalty-free sublicense to make, use, have made, import, offer to sell and sell juicer attachments as described and claimed in the '032 patent. The parties agreed that any juicer attachments sold by Baratta would be clear in color, while any juicer attachments sold by Homeland would be gray in color.

(d) Baratta and Homeland also agreed that in the event of infringement of the '032 patent by a third party, Homeland would have the exclusive right to bring suit at its own expense for such infringement. In the event Homeland elected to bring any suit for infringement, Baratta agreed to join as a party plaintiff and further agreed, to the

extent reasonably necessary, to cooperate with Homeland in pursuing any infringers. Homeland and Baratta agreed to split equally the proceeds, after deduction for attorneys' fees and costs, of any monetary judgment that may have resulted from any suit for infringement. Homeland agreed to bear all fees and costs of any such infringement action.

(f) The parties also agreed that in the event Baratta developed any improvement to the juicer attachment claimed in the '032 patent, that any such improvement would be subject to the license.

The parties also agreed to a general release of all claims and further agreed that the settlement did not constitute an admission of liability as to either party and that each party would bear its own attorneys' fees and costs. See Cislo Dec. at ¶7.

Baratta's acceptance of the essential terms of the parties agreement is evidenced by the fact that Baratta did not object to any of these terms when provided with a copy of the written memorialization of parties agreement on August 31, 2006. See Cislo Dec. at ¶¶9-10 together with Exhibit "C" attached thereto. Rather, Baratta only objected to being limited to making juicers in the color clear. (*Id.* at 10.) This Court should enforce the parties' settlement because the essential terms are definite and certain.

### B. Baratta Cannot Now Rescind the Agreement Because of an Alleged Failure to Agree Regarding a Nonessential Term

Uncertainty as to nonessential terms or small items will not preclude the enforcement of a settlement agreement. *Blackhawk Heating & Plumbing*, 302 So. 2d at 407. "The law does not favor, but leans against the destruction of contracts because of uncertainty; and it will, if feasible, so construe agreements as to carry into effect the reasonable intentions of the parties if that can be ascertained." *Id.* at 409, quoting *Williston on Contracts*, Vol. 11, § 1424, p. 813. "Even though all the details are not definitely fixed, an agreement may be binding if the parties agree on the essential terms and seriously understand and intend the agreement to be binding on them." *Id.* at 408.

At the time the parties verbally agreed to a settlement on August 20, 2006, the parties

6

happened to be making juicers in the color clear in the case of Baratta, and in the color gray in the case of Homeland. See Cislo Dec. at ¶10. Consequently, these colors were incorporated into the written memorialization of the parties' settlement agreement. (*Id.*) As discussed above, when presented with the written memorialization on August 31, 2006, Baratta made no objections to any term other than the limitation that Baratta sell juicers that were clear in color. (*Id.* at 10.) The fact that the color of the juicers is a nonessential or even trivial term of the agreement, is evidenced by the fact that Homeland promptly incorporated a provision into the agreement which would allow Baratta to sell juicers in colors other than clear. (*Id.* at 11.) This Court should enforce the parties' settlement agreement because: (1) the color of the juicers is a nonessential term; and, (2) when informed of Baratta's desire to be able to sell juicers in colors other than clear, Homeland promptly agreed to this new demand by Baratta.

### C. The Court Should Enforce the Settlement Agreement Because Baratta Assented to the Agreement

The party seeking to enforce a settlement agreement has the burden of proving that the other party assented to the essential terms of the agreement. *Skrtich v. Thornton*, 2003 U.S. Dist. Lexis 27200 at *6 (D.C. M.D. Florida); *see also Williams v. Ingram*, 605 So. 890, 893 (1st DCA Florida 1992). On August 17, 2006, Homland's counsel, Baratta's counsel and Baratta discussed settlement by telephone and reached an agreement on the essential terms of the settlement. See Cislo Dec. at ¶6. Baratta's counsel assented to those terms on behalf of Baratta and Baratta made no objection. (*Id.*) Baratta's acceptance of the essential terms of the parties' agreement is also evidenced by the fact that Baratta did not object to any of the essential terms when provided with a copy of the written memorialization of the agreement on August 31, 2006. See Cislo Dec. at ¶9. Moreover, in the handful of follow-up telephone conversations between Homeland's counsel and Baratta's counsel where the parties' revised the written memorialization of the parties' verbal agreement as regards to nonessential terms such as whether Florida law or California law would control the agreement, Baratta's counsel assured Homeland's counsel that the parties had settled the matter. See Cislo Dec. at ¶¶11-12. "An attorney acting for his client within the scope of his authority binds his client." *Tesini v.*

7

*Zawistowski*, 479 So,2d 775, 776 (Fla. 4th DCA 1985) citing *Griffith v. Investment Co.*, 110 So. 271 (Fla. 1926). As stated by the U.S. Supreme Court:

> "[A party] voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'"

*Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). This Court should enforce the parties' settlement agreement because Baratta accepted all of the material terms of the agreement.

## III.

## THE COURT SHOULD ORDER AN EVIDENTIARY HEARING REGARDING THE EXISTENCE OF THE SETTLEMENT AGREEMENT

Where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing. *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994). Homeland contends that no material facts regarding either the terms of the parties' settlement agreement or Baratta's acceptance of the same, are in dispute and consequently, the Court should enforce the agreement. However, the Court should order an evidentiary hearing regarding this matter in order to be able to properly access the evidence, including the testimony of Baratta and his form counsel, Rick Martin, Esquire.

## IV.

## CONCLUSION

The essential terms of the parties' settlement agreement are definite and certain and Baratta has assented to those terms. Consequently, a valid settlement agreement presently exists

between the parties and this Court should enforce that agreement.

                                              Respectfully submitted,

Dated:  December 7th, 2006      By:     /smgaffigan/
                                              Stephen M. Gaffigan, P.A.
                                              312 S.E. 17th Street, Second Floor
                                              Ft. Lauderdale, Florida 33316
                                              Telephone: (954) 767-4819
                                              Facsimile: (954) 767-4821
                                              Email: Stephen@smgpa.net

                                              Daniel M. Cislo, Esq.
                                                    Admitted Pro Hac Vice
                                              David B. Sandelands, Esq.
                                                    Admitted Pro Hac Vice
                                              233 Wilshire Boulevard, Suite 900
                                              Santa Monica, California 90401
                                              Telephone: (310) 451-0647
                                              Facsimile: (310) 394-4477
                                              Attorneys for Homeland Housewares, LLC

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was mailed this 7th day of December, 2006 to: **David A. Gast, Esq.**, Malloy & Malloy, P.A., 2800 S.W. Third Avenue, Miami, Florida 33129.

_____/smgaffigan/_____
Stephen M. Gaffigan