UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 05-60187-CIV-MARRA/SELTZER

JOSEPH BARATTA,                    )
                                   )
            Plaintiff,             )
                                   )
      vs.                          )
                                   )
HOMELAND HOUSEWARES, L.L.C.,       )
                                   )
            Defendant.             )
_____)

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO ENFORCE SETTLEMENT AGREEMENT
<u>AND REQUEST FOR EVIDENTIARY HEARING</u>**

COMES NOW the Plaintiff, Joseph Baratta, ("Plaintiff"), and responds to the Motion to Enforce Settlement Agreement and Request for Evidentiary Hearing ("Motion") and Memorandum in Support of Defendant's Motion to Enforce Settlement Agreement ("Memorandum"), filed by Defendant Homeland Housewares, LLC ("Defendant").[1]

In essence, Defendant argues that the parties entered into an oral agreement that was later memorialized in three separate "proposed" settlement agreements, even though none of the proposals were signed by either party. In reality, there was no

_____

[1] Plaintiff Joseph Baratta ("Baratta") has not submitted a declaration relating to his conversations with his prior counsel, Rick Martin ("Martin"), as Plaintiff does not wish to waive the attorney client privilege. However, Plaintiff reserves the right to submit a declaration or testify at a later date, should that be necessary.

agreement, but simply continued negotiations. This is evident from the simple fact that the Defendant continued to submit "proposed" settlements for a month after the alleged oral agreement. Despite the negotiations, Baratta repeatedly rejected all the proposals. Only after Baratta terminated his counsel did Defendant characterize the month-old discussions as an oral agreement. This last minute change in position is inconsistent with the facts. Even assuming an oral agreement, which Plaintiff adamantly denies, the oral agreement is unenforceable under the Statute of Frauds and 35 U.S.C. §261.

Moreover Defendant cannot reconcile that:

- Plaintiff's prior counsel Martin did not have "clear and unequivocal authority" to enter into an oral Settlement Agreement. In fact, Baratta expressly required that any proposal be in writing and approved by his accountant, adviser, and other legal counsel, given his health, age, and unfamiliarity with legal matters.

- The alleged oral agreement does not include all material terms, including ongoing royalties and physical limitations, such as color.

- There are no written communications, agreements, etc., which reference an oral agreement prior to Martin's termination. Settlement discussions were ongoing for

2

several months before and after the alleged dated of the oral agreement. Simply put, there was no agreement, whether written or oral.

- The alleged oral agreement necessarily requires more than one year to be completed and is neither in writing nor signed by either party; and therefore, the agreement is unenforceable pursuant to the Florida Statute of Frauds. *Fla. Stat.* §725.01 (2006).

- The alleged oral agreement contains a virtual assignment of patent rights and is there unenforceable pursuant to 35 U.S.C. §261.

As discussed in greater detail below, there is no settlement agreement and this matter should proceed towards trial.

<u>MEMORANDUM</u>

I.   <u>INTRODUCTION</u>.

While the Complaint was originally filed in February 2005, this case was stayed pending a reexamination from the U.S. Patent and Trademark Office ("PTO"). After a thorough review by the PTO, the patent in suit remains valid and enforceable. On November 29, 2006, this Court held a status conference and ordered the proceedings opened, withdrawal of Plaintiff's prior

3

counsel Martin, and discussed Defendant's contention that settlement had been reached. Thereafter, Defendant filed the instant Motion and Memorandum.

## II.   <u>LEGAL STANDARD OF "CLEAR AND UNEQUIVOCAL AUTHORITY"</u>.

As a threshold issue, this Court must determine whether Martin had authority to enter into an oral agreement with Defendant's counsel, Daniel Cislo ("Cislo"). Here, it is clear that he did not. Pursuant to the Eleventh Circuit, state law governs the scope of an attorney's authority to enter into a settlement agreement on behalf of its client. *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1485 (11th Cir. 1994). As such, the Florida law applies. Under Florida law, a party seeking the enforcement of a settlement agreement bears the burden of establishing assent by the opposing party. *Walker v. Palm West Hospital, Inc.*, 819 So.2d 904, 906 (Fla. 4th DCA 2002) (*citing Nehleber v. Anzalone*, 345 So.2d 822, 823 (Fla. 4th DCA 1977)).

Unlike agency theories of authority, the mere employment of an attorney to represent a client does <u>not</u> empower that attorney with the implied or apparent authority to compromise or settle the client's causes of action or claims. *River City Wholesale Florist, Ltd. v. Equiflor Corp.*, 864 So.2d 21 (Fla. 3rd DCA

2003) (*citing Lechuga v. Flanigan's Enters., Inc.*, 533 So.2d 856, 857 (Fla. DCA 1988)); *Bursten v. Green*, 172 So.2d 472, 474 (Fla. 2nd DCA 1965). Florida law holds that there can be no settlement agreement absent a showing by the party seeking to compel enforcement that an attorney has the <u>clear and unequivocal</u> authority to settle on the client's behalf. *Sharick v. Southeastern University of the Health Services, Inc.*, 891 So.2d 562, 565 (Fla. 3rd DCA 2004).

In applying the "clear and unequivocal authority" standard, courts have been very stringent in what they find to satisfy this extremely high burden. *See Weitzman*, 555 So. 2d 448, 449 (Fla. 4th DCA 1990). It is also clear that an attorney's belief that he or she has the authority to settle on behalf of his or her client does <u>not</u> alone establish such authority. *Sharick*, 891 So.2d at 565. As set forth below, Defendant has provided no evidence that Martin had "clear and unequivocal authority" to enter into an oral agreement on behalf of Baratta.

## III. <u>DEFENDANT APPLIES WRONG STANDARD</u>.

In essence, Defendant glosses over this extremely difficult and well-established standard of "clear and unequivocal authority" and simply assumes that all attorneys have the authority to bind their client in all circumstances.

5

Memorandum, p. 7.   As discussed above, this is not the law of Florida.   *See Burnsten*, 172 So.2d at 474.   Specifically, Defendant relies on the principle that "[a]n attorney acting for his client within *the scope of his authority* binds his client." *Tesini v. Zawistowski*, 479 So.2d 775, 776 (Fla. 4th DCA 1985). *See* Memorandum, pp. 7-8.   However, nowhere does Plaintiff discuss the pivotal "within the scope of his authority" portion of the axiom.   That misstep is fatal to the entire Motion and Memorandum.

Turning to Defendant's citation, *Tesini* does not involve the authority to settle a dispute, but whether an attorney has the authority to grant an extension of time.   Even in *Tesini*, the court recognizes that an attorney's authority is limited and cannot bind a client to material issues.   *Id.* at 776.   As discussed below, Martin did not have the authority to enter into an oral agreement as that was not within his "scope of authority".

Defendant's other citation, *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) is likewise inapplicable. *Pioneer* addressed the issue of whether an attorney's inadvertent error to make a filing in a bankruptcy matter is imputed to the client.   Again, this has nothing to do with an attorney's

6

ability to enter into an oral agreement to settle a case.  As discussed, an attorney has no authority to settle a client's claim on conditions other than those "unequivocally approved by the client." *Lechuga*, 533 So.2d 856, 857; *citing Palm Beach Royal Hotel, Inc. v. Breese*, 154 So.2d 698 (Fla. 2d DCA 1963).  Here, Baratta did not "unequivocally approve" any of the settlement proposals, whether written or oral.

IV.   <u>NO "CLEAR AND UNEQUIVOCAL AUTHORITY"</u>.

Defendant completely fails to argue that Martin had clear and unequivocal authority to enter into an oral settlement agreement.  Indeed, Defendant has not and cannot meet its heavy burden.  To be clear, Martin did not have authority to enter into an oral settlement agreement.  Further, Baratta never entered into an oral agreement with Defendant or their counsel.

A.   <u>No Direct Communications of Consent By Baratta.</u>

It is important to clarify a few misleading points contained in the Motion and Memorandum.  First, the conversations attributed to "Baratta" were actually by his counsel and not Baratta personally.  *Cf.* Memorandum, pp. 3-4.  Further, Baratta never directly spoke with Defendant's counsel regarding settlement by telephone or otherwise.  *Cf.* Memorandum,

p. 7.

Second, while Baratta may have been in the same vicinity as Martin during one of the telephone conferences on or about August 11, 2006 [Declaration of Cislo ¶6], the discussion ended with a rejection of a $300,000 amount.  Thereafter, Martin and Cislo may have discussed the settlement amount of $315,000, but Baratta was not present.  Moreover, to the extent Baratta participated in telephonic discussions, those discussions ended with a rejection.  *See* Declaration of Cislo, ¶7.

Further, Baratta was not present for the numerous subsequent discussions between August 17, 2006 and September 16, 2006 – the date Martin was terminated by letter.  Indeed, while the parties' counsel may have discussed specific terms of the agreement, Baratta was not part of those discussions and could not have possibly given his consent, as alleged by Defendant.  It is important to recognize that only after Baratta terminated Martin as counsel, did Defendant claim that an oral agreement had been reached.

**B.    Seeking New Counsel.**

Well prior to the alleged oral agreement of August 17, 2006, Baratta was actively seeking new counsel because he did not believe Martin was capable of acting or negotiating in his

8

best interest. Moreover, Baratta believed Martin was negotiating pursuant to a personal desire to get a quick and easy payout, as Martin was compensated on a contingency fee basis. Indeed, it is illogical to conclude that Baratta would have authorized Martin to reach a final settlement while he was actively searching for a new counsel.

### C. **Requirement of Written Agreement.**

At all times, Baratta required that the terms of any agreement be presented in writing for his review. This was required so that his family, his financial advisor, and another lawyer would have the opportunity to review the agreement. Moreover, Baratta's health issues require consultation with family and legal counsel for all significant financial decisions. For example, Baratta has his social security checks administered by his son to ensure that it is properly managed. Martin was well aware of this.

### D. **Silence Not A Clear And Unequivocal Grant Of Authority.**

Defendant claims that Plaintiff consented to the oral agreement and each of three proposed written settlement agreements because he did not object to the material terms, but only complained about minor points, despite the fact that

9

Baratta rejected each proposal and repeatedly refused to sign all three written settlement agreements. Even assuming Baratta's repeated rejections were deemed "silence", an alleged lack of objection by Baratta as to the proposed terms <u>cannot meet</u> the stringent standard of a clear and unequivocal grant of authority. *Vantage Broadcasting Co. v. Wint Radio, Inc.*, 476 So.2d 796, 797-98 (Fla. 1st DCA 1985) (silence not clear and unequivocal authority to accept).

Martin's belief that Baratta assented to the proposed terms of the alleged agreement cannot establish clear and unequivocal authority alone either. *See Sharick*, 891 So.2d at 565 ("[a]n attorney's belief that he or she has the authority to settle does not alone establish such authority"); *Dixie Operating Co. v. Exxon Co.*, 493 So.2d 61,63 (Fla. 1st DCA 1986)(declining to place the determination of whether clear and unequivocal authority was given under the control of the attorney exercising that authority "on the basis of good faith belief when a dispute over that authority arises between the attorney and client"). Accordingly, since the Defendant has not submitted any evidence or pointed to any facts of a clear and unequivocal grant of authority, there can be no enforceable settlement agreement.

**E.    No Evidence Cislo Had Authority To Bind Defendant.**

While Defendant's counsel provides a lengthy declaration, nowhere does Cislo indicate that he had authority to bind his client to an oral settlement.   Upon information and belief, Defendant was not present during any of the alleged conversations between Cislo and Martin.    Neither Cislo nor Defendant has indicated that Cislo had absolute authority to enter into or accept an oral agreement. To the contrary, upon information and belief, at one point in the settlement discussions, even Cislo requested that the settlement proposal be submitted in writing.   It defies logic to believe that either party was willing to enter into a complicated settlement agreement involving payment of $315,000, a worldwide license, a virtual assignment, a license back, shared responsibility over future law suits, specific restrictions as to product configuration, etc. without the terms being spelled out in writing.   Accordingly, absent clear and unequivocal evidence that Defendant's counsel had the authority to bind his client; this Court cannot enforce the alleged oral settlement agreement against Defendant.

**V.    THE ALLEGED AGREEMENT NOT SPECIFIC AND**
       **MUTUALLY AGREEABLE AS TO EVERY ESSENTIAL ELEMENT.**

Defendant alleges that on August 17, 2006 the parties

reached an oral settlement that was definite and certain in its material terms. Memorandum, p. 2. Further, Defendant alleges that Plaintiff "quibbled" over a nonessential term, namely, the provision that strictly prohibited Plaintiff from making juicers under his own patent. *Id.* at 3. This is certainly a material term to Plaintiff, though perhaps immaterial to Defendant. In addition, Plaintiff has repeatedly required a royalty. Not surprisingly, Defendant wanted a royalty free, no-restrictions license. This significant disagreement has contributed to the repeated rejections by Baratta. Plaintiff submits that other material terms remain omitted from the agreement; however, Plaintiff declines to elaborate as settlement discussions are ongoing.

For the foregoing reasons, there was not, and still is not, an agreement between the parties as to the essential and material terms.

## VI.   <u>FACTS CONFIRM NO ORAL AGREEMENT</u>.

Defendant asserts that the parties had settlement discussions from July to September 15, 2006; but that they reached an oral settlement on August 17, 2006. Despite the bold claims of certainty, Defendant has indicated that the oral agreement was reached on two separate dates three days apart!

In Defendant's Combined Response to Rick Martin, Esq.'s Motion to Withdraw as Counsel and Request for Status Conference, filed on November 3, 2006, Defendant states that "the parties reached a verbal settlement agreement on or about August 20, 2006." (p. 2, ¶7).  In the Memorandum, Defendant asserts that the parties reached a verbal agreement on August 17, 2006 (p. 2), and later claimed the agreement was reached on August 20, 2006 (p. 6).

Despite Defendant's claim, none of the subsequent written settlement agreements, emails, letters, facsimiles, etc. reference an oral agreement, and/or consider the three proposed written settlement agreements a "memorialization," as Defendant now alleges.  On the contrary, Cislo's facsimile dated August 30, 2006, labeled the first written agreement as a "proposed Settlement Agreement".  *See* Exhibit A.  Cislo's facsimile with the third written agreement dated September 15, 2006 labeled the document as a "revised Settlement Agreement".  *See* Exhibit C.[2] Black's Law Dictionary confirms that a "proposed" settlement agreement is not a memorialization of a prior agreement, as Defendant argues.  *See* Exhibit D.

The three draft proposals themselves show a clear intention that the written proposals were to be the final binding agreement between the parties and not a memorialization.  For

_____

[2] At this time, Plaintiff has been unable to locate the cover letter submitted with the second proposed Settlement Agreement, dated on or about September 11, 2006.

example, none of the recitals reference an oral agreement. *See* Exhibits A - C. Within the agreements, Paragraphs 5(c) titled "No Other Representations" indicates that neither party is relying on prior representations from their agents or representatives. *See* Exhibits A - C. Paragraph 5(d) titled "Entire Agreement" indicates that the agreement "supersedes any and all prior agreements, drafts or understandings among the parties." *See* Exhibits A - C. Moreover, if Defendant truly believed the three proposals were mere memorializations, then surely those agreements, or the cover letters attached thereto, would have referenced the oral agreement.

**VII.  SETTLEMENT AGREEMENT IS NOT "IN WRITING" OR SIGNED.**

   **A.   The Statute Of Frauds.**

Even assuming that Plaintiff did verbally agree to the proposed terms as set forth by Defendant, and such terms included every essential element, a position Plaintiff adamantly denies, the alleged agreement is not, and cannot be legally enforceable under the Florida Statute of Frauds as a matter of law. *Fla. Stat.* §725.01. The Statute of Frauds is triggered because the alleged oral agreement provides that "Baratta had agreed to provide Homeland with an exclusive, royalty-free, worldwide, and sole license ... for the life of the patent."

14

*See* Memorandum, p. 2.  Here, the term of the patent will expire on March 15, 2016, which is obviously more than one (1) year.[3]

The Supreme Court has previously applied the Statute of Frauds to find no valid oral or verbal agreement because the patent had more than one year remaining in its term.  *See Packet Co. v. Sickles, 72 U.S. (5 Wall.) 580, 595, 18 L. Ed. 550 (1867); Sun Studs, Inc. v. Applied Theory Associates, Inc.*, 772 F.2d 1557, 1563 (Fed. Cir. 1985).  Since the agreement is not in writing or signed by Plaintiff or Defendant, the oral agreement is unenforceable as a matter of law.

In addition, Defendant claims the oral agreement provides that "Homeland would grant to Baratta a royalty-free sublicense to make, use, have made, import, offer to sell and sell juicer attachments as described and claimed in the '032 patent."  Again, the sublicense (or license back) must be in writing and signed, which it was not.  Accordingly, the material terms, set forth by the Defendant, include two (2) licenses, i.e., one exclusive license from Plaintiff to Defendant, and a second license back to Plaintiff from Defendant, neither one of which is in writing and signed.

Defendant has affirmatively stated that Plaintiff never

---

[3] While possible for U.S. Patent No. 5,662,032 to expire early for failure to pay maintenance fees, the fees have been paid through September 2, 2008, thereby ensuring that the patent will be in force for at least two more years.  *See* 37 C.F.R. §1.362.

executed or signed any of the proposed or revised agreements. *See* Memorandum, p. 4.   Similarly, none of the three proposed settlement agreements were signed by Defendant either.   *See* Exhibits A - C.   Accordingly, for the reasons set forth above, the alleged oral agreement is unenforceable under the Statute of Frauds as there is no writing and/or no signed writing by either party. *Fla. Stat. §726.01 (2006).*

> **B.    The Terms Of Alleged Oral Agreement Cannot
>        Be Enforced Pursuant To 35 U.S.C. §261.**

The alleged oral agreement constitutes a virtual assignment, which must be in writing pursuant to 35 U.S.C. §261. Section 261 states that "applications for patent, patents, or any interest therein, shall be assignable in law by an instrument in writing."   A licensing arrangement conferring standing, as the one alleged by Defendant, is tantamount to an assignment and therefore must resemble an assignment in both form and substance.   *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998).

Specifically, Defendant claims the alleged oral agreement provides that "in the event of infringement of the '032 patent by a third party, Homeland would have the exclusive right to bring suit at its own expense for such infringement."   *See* Memorandum, p. 5.   Thus, since the license grants Defendant

standing, the license must be considered a virtual assignment, and comply with 35 U.S.C. §261. *Enzo*, 134 F.3d at 1093. Since §261 requires a signed writing and there is none, the assignment is invalid and the oral agreement is unenforceable.

## VIII. AN EVIDENTIARY HEARING WILL
## <u>NOT ELICIT ADDITIONAL EVIDENCE.</u>

Defendant requests an evidentiary hearing regarding the existence of the settlement agreement. *See Memorandum*, p. 8. Plaintiff hereby submits that an evidentiary hearing is not necessary. Specifically, as a matter of law there can be no settlement agreement, as no amount of evidence can overcome the requirements of the Statute of Frauds and 35 U.S.C. §261. In addition, Defendant has not and cannot submit evidence that Baratta gave Martin "clear and unequivocal authority" to enter into the oral agreement. Moreover, all communications between Martin and Baratta would be subject of the attorney client privilege, which Baratta has not waived. Holding a hearing will likely involve the potential disclosure of sensitive attorney client information and otherwise require both sets of lawyers to testify, subject to cross examination, about their communications with their own client. Moreover, ruling on the papers without a hearing will avoid the unnecessary disclosure of these privileged communications.

Defendant has already sought the testimony of Plaintiff's prior counsel, Martin.   Presumably, Defendant seeks to elicit testimony from Martin concerning his conversations with opposing counsel, Cislo; however, the content of those communications have already been documented in Cislo's declaration.   Since Martin's impressions or opinions as to authority are insufficient, said testimony has little to no additional value. Further, the only outcome of a hearing would be to force Baratta to testify against his prior counsel.   Certainly, public policy cannot favor the public disclosure of attorney client communications under these circumstances.   The circus would continue as Cislo's testimony would now be at issue, as well as Cislo's conversations with his client as to the material terms, the requirement of a written agreement, and Cislo's authority to enter into an oral agreement on the date alleged.

**X.   <u>CONCLUSION.</u>**

For the reasons set forth above, Plaintiff respectfully requests that this Court DENY Defendant's Motion and Memorandum to Enforce the Settlement Agreement and DENY Defendant's request for an evidentiary hearing.

WHEREFORE, for the foregoing reasons, Plaintiff hereby requests that Defendant's Motion to Enforce Settlement Agreement

18

and Request for Evidentiary Hearing be DENIED.

Respectfully submitted,

Dated: December 22, 2006   By: s/David A. Gast_____
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Peter A. Matos
Florida Bar No. 992,879
David A. Gast
Florida Bar No. 176,567
dgast@malloylaw.com
Malloy & Malloy, P.A.
2800 S.W. 3rd Avenue
Miami, FL 33129
Telephone: (305) 858-8000
Facsimile: (305) 858-0008
Attorneys for Plaintiff

19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 05-60187-CIV-MARRA/SELTZER

JOSEPH BARATTA,                          )
                                         )
                Plaintiff,               )
                                         )
        vs.                              )
                                         )
HOMELAND HOUSEWARES, L.L.C.,             )
                                         )
                Defendant.               )
_____)

## Certificate of Service

I hereby certify that on December 22, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

s/David A. Gast_____
David A. Gast
Florida Bar No. 176,567
dgast@malloylaw.com
Malloy & Malloy, P.A.
2800 S.W. 3rd Avenue
Miami, FL 33129
Telephone: (305) 858-8000
Facsimile: (305) 858-0008
Attorneys for Plaintiffs

**SERVICE LIST**
Joseph Baratta
v.
Homeland Housewares, LLC

CASE NO. 05-60187-CIV-MARRA/SELTZER
United States District Court, Southern District of Florida

John Cyril Malloy, III
jcmalloy@malloylaw.com
David A. Gast
dgast@malloylaw.com
Malloy & Malloy, P.A.
2800 S.W. 3rd Avenue
Miami, FL 33129
Telephone: (305) 858-8000
Facsimile: (305) 858-0008
Attorneys for Plaintiff
Notices of Electronic Filing
generated by CM/ECF

Daniel M. Cislo
dancislo@cislo.com
David B. Sandelands
CISLO & THOMAS LLP
233 Wilshire Boulevard
Suite 900
Santa Monica, CA 90401
Telephone: (310) 451-0657
Facsimile: (310) 394-4477
Attorneys for Defendant
Homeland Housewares, L.L.C.
Notices of Electronic Filing
generated by CM/ECF

Rick M. Martin
rmartin@patentcolorado.com
Patent Law Offices of
Rick Martin, P.C.
416 Coffman Street
Longmont, Colorado 30501
Telephone: (303) 651-2177
Facsimile: (303) 678-9953
Attorney for Plaintiff
Notices of Electronic Filing
generated by CM/ECF

Stephen M. Gaffigan
Stephen@smpga.net
Stephen M. Gaffigan, P.A.
312 S.E. 17t Street
Fort Lauderdale, Florida 33316
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
Co-Counsel for Defendant
Homeland Housewares
Notices of Electronic Filing
generated by CM/ECF

Luis S. Konski
Luis.konski@ruden.com
Ruden, McClosky, Smith
Schuster, Russell, P.A.
701 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone: (305) 479-7547
Facsimile: (305) 537-3989
Attorney for Rick Martin
Notices of Electronic Filing
generated by CM/ECF