IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JOSEPH BARATTA | ) Civil Action No. 05-60187 MARRA/ <br> ) SELTZER <br> ) <br> Plaintiff, ) **MOTION TO STRIKE PORTIONS** <br> ) **OF PLAINTIFF'S SUR-REPLY AND** <br> v. ) **MOTION TO STRIKE JANUARY 22, 2007** <br> ) **DECLARATION OF JOSEPH BARATTA** <br> HOMELAND HOUSEWARES, LLC, ) <br> ) <br> Defendant. ) |

## I.
## BARATTA UNFAIRLY SUR-REPLIES TO MATTERS WHICH SHOULD HAVE BEEN RAISED IN BARATTA'S OPPOSITION

Defendant Homeland Housewares LLC ("Homeland") moves to strike Plaintiff Joseph Baratta's ("Baratta") sur-reply and further moves to strike Joseph Baratta's declaration. Homeland only agreed to allow Baratta to respond with attorney argument as to Rick Martin's January 11, 2007 declaration.

Baratta in his opposition previously invoked his attorney-client privilege yet now waives it in his sur-reply by testifying about alleged communications with his former attorney, Rick Martin. Baratta's sur-reply and new declaration unfairly prejudice Homeland because they deprive Homeland of any opportunity to respond.

Also, Baratta's statue of frauds arguments are not a proper basis for a sur-reply and are improper as a matter of law because Baratta had an opportunity to fully address this issue in his opposition.

No authorization exists in the Federal Rules of Civil Procedure or the local rules of the

Southern District of Florida for parties to typically file sur-replies. To allow sur-replies as a regular practice "would put the court in the position of refereeing an endless volley of briefs." *Garrison v. Northeast Georgia Medical Center, Inc.*, 66 F. Supp. 2d 1336, 1340 (N.D. Ga 1999).

Baratta does not contend that Homeland's reply brief sets forth any new claims or legal theories. Rather, Baratta now waives his attorney-client privilege by describing his communications with his prior attorney. Baratta's late waiver of the privilege on sur-reply is an improper attempt to deprive Homeland of any opportunity to the respond to the allegations of Baratta's declaration. Homeland noticed Baratta's deposition for February 13, 2007. The deposition will address the contents of Baratta's January 22, 2007 declaration, a copy of the deposition notice is attached hereto as Exhibit 1.

The Martin declaration was limited to the subject of Baratta's assent to the parties' settlement and his grant of authority to Martin to negotiate the settlement. Yet, the bulk of the sur-reply is devoted to improper attempts to rebut Homeland's arguments regarding the inapplicability of the statute of frauds and further repeats Baratta's arguments that the settlement agreement was a virtual assignment that must allegedly be in writing. Neither of these issues is in any manner related to the subject matter of the Martin declaration. Moreover, the assertions of the sur-reply regarding the statute of frauds and virtual assignments are unsupported by citation to authority.

Furthermore, Baratta alleges without support that negative limitations in the settlement agreement bring the agreement within the statute. For example, Baratta contends that: "Baratta cannot grant licenses or sublicenses to his patent for the life of the patent." (Sur-reply, p. 3, ¶6(B).) Baratta further contends that this negative limitation brings the settlement agreement within the statute. Yet, the term imposes no affirmative obligation upon Baratta to take any action in the future. Similarly, Baratta contends that pursuant to the settlement agreement that:

2

"Baratta cannot sue infringers of his patent." (Sur-reply, p. 3, ¶6(D).)

Here again, this is a negative limitation that does not impose any affirmative obligation upon Baratta to take any future action. Baratta also contends that: "Baratta and Homeland each agree not to sue each other for patent infringement for the life of the patent." (Sur-reply, p. 3, ¶6(I).) As a preliminary matter, the settlement agreement contains no express provision requiring that the parties refrain from suing each other for patent infringement. However, even if the alleged term were deemed to be an implied term of the agreement, Baratta provides no support for his contention that such a term would bring the agreement within the statute.

Baratta cites to no authority that specifically addresses the above contentions. Case law suggests that only affirmative obligations, not subject to any contingency, such as the payment of ongoing royalties would bring a patent license agreement within the statute. *See, Commonwealth Film Processing, Inc. v. Courtaulds United States, Inc.*, 717 F. Supp. 1157, 1159 (W.D. VA 1989)(oral patent license agreement invalid as against statute of frauds because agreement called for royalty payments over five years) and *Packet Company v. Sickles*, 72 U.S.580, 595 (1867)(oral license agreement invalid because it called for ongoing royalty payments over the life of the patent which exceeded one year).

Where certain provisions of an oral agreement are void as against the statute, the agreement has a whole may yet be valid if the invalid portions are severable from the agreement. *Johnson v. University Health Services, Inc.*, 161 F.3d 1334, 1339 (11th Cir. 1998). Here the essential term of the parties' agreement was that Baratta would license his patent to Homeland for $315,000. Baratta has not demonstrated that any of the sundry terms of the agreement bring the agreement within the statute.

On its face the settlement agreement does not transfer all rights to Homeland because Baratta retains the right to make and sell, or import and sell, an unlimited quantity of juicers for

3

the life of the patent.[1] Baratta cites to no case law in support of his claim that the partial transfer of rights under the parties' settlement is constitutes a "virtual assignment." Moreover, Baratta cites to no authority that requires a patent assignment, virtual or otherwise, to be in writing.

## II.
## THE COURT SHOULD STRIKE THE JANUARY 22nd DECLARATION OF JOSEPH BARATTA SUBMITTED IN OPPOSITION TO DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

On January 22, 2007, Plaintiff Joseph Baratta ("Baratta") filed a declaration in support of Plaintiff's opposition to Defendant Homeland Housewares, LLC ("Homeland") Motion to Enforce Settlement Agreement. The declaration is not only late without excuse, but also waives Baratta's attorney client privilege after having been previously raised in his opposition. Baratta's opposition papers were due on December 22, 2006. Consequently, Baratta's January 22nd declaration is 32 days late. Neither the Federal Rules of Civil Procedure nor the local rules of the Southern District of Florida allow for such a late-filed declaration. Consequently, the Court should strike Baratta's late-filed declaration. "Absent an affirmative showing by the non-moving party of excusable neglect according to Fed. R. Civ. P. 6(b), a court does not abuse its discretion in refusing to accept out-of-time affidavits. *Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1568 (11th Cir. 1987).

Baratta made no showing of excusable neglect that would justify his late-filed declaration. The content of the declaration is not newly discovered evidence extracted from a previously missing affiant. Baratta provides absolutely no explanation as to why he did not provide this declaration with his opposition papers other than that he invoked the attorney-client privilege in not submitting a declaration:

> "Plaintiff Joseph Baratta ("Baratta") has not submitted a declaration

---

[1] Baratta retains the right to make and sell, or import and sell, juicers. However, the agreement does not require Baratta to ever exercise these rights.

4

relating to his conversations with his prior counsel, Rick Martin ("Martin"), as Plaintiff does not wish to waive the attorney-client privilege." (Plaintiff's Opposition, fn. 1.)

Consequently, the declaration is impermissibly late as well as prejudicial to Homeland, and therefore should be stricken. Homeland could not previously seek discovery and testimony from Baratta because he raised his attorney-client privilege. Only now when Homeland cannot respond to his sur-reply, Baratta waives the privilege to controvert Martin's declaration. The sur-reply is not fair play.

## III.
## A GENUINE DISPUTE ABOUT WHETHER THE PARTIES HAVE ENTERED INTO A BINDING SETTLEMENT AGREEMENT HAS ARISEN— THEREFORE THE COURT SHOULD ORDER AN EVIDENTIARY HEARING AFTER BARATTA'S FEBRUARY 13, 2007 DEPOSITION

In the event the Court should elect to entertain Baratta's January 22nd declaration, a genuine dispute regarding whether the parties have reached a binding settlement has arisen and the Court should order an evidentiary hearing after Baratta's February 13, 2007 deposition. Settlements are highly favored as a means to conserve judicial resources, and will be enforced when it is possible to do so. *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994). In many cases, a district court can enforce a settlement agreement summarily. *Id.* at 1485. However, "when there is a genuine dispute about whether the parties have entered into a binding settlement, the district court must hold an evidentiary hearing that includes the opportunity for cross-examination." *United States v. Mahoney*, 247 F.3d 279, 285 (D. C. Cir. 2001).

Summary proceedings are inappropriate when the existence of the settlement is genuinely disputed. *Dayna Smara v. Shaheen Business Development Group, Inc.*, 353 F. Supp. 2d 483, 493 (Dist. D.C. 2005), *citing to Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir. 1983); *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984). Where there is such a genuine dispute regarding the existence of an enforceable settlement agreement, the Court "must have the opportunity to make credibility determinations and the parties should be afforded the

5

benefit of cross-examination so that factual issues may be adequately explored." *Autera v. Robinson*, 419 F.2d 1197, 1202 (D.C. Cir. 1969).

Here, Baratta's belated declaration waiving the attorney-client privilege, if considered, raises a dispute over whether Baratta consented to the parties' settlement. Also supported by the Cislo declaration, Baratta's former attorney Martin affirmatively states that Baratta consented. (Martin Decl. ¶¶3-4.) On the other hand, Baratta via an inexplicably late-filed declaration now claims that he did not. (Baratta Decl. ¶¶5, 6.) In view of these conflicting and irreconcilable statements, the Court should order an evidentiary hearing wherein the parties are able to cross-examine the witnesses in order to make credibility determinations.

Waiver of the attorney-client privilege occurs when a party raises a claim that will necessarily require proof by way of a privileged communication. *Coates v. Akerman, Senterfitt & Eidson, P.A.*, 940 So. 2d 504, 508 (Fla. 2nd DCA 2006). *See also, Home Ins. Co. v. Advance Machine Co.*, 443 So. 2d 165, 168 (Fla. 1st DCS 1983)(if proof of a claim would require evidence of a privileged matter, the privileged matter is discoverable). "When attorney-client communications are disclosed regarding a certain matter, there exists a limited waiver with respect to communications on that same specific matter." *Coates*, 940 So. 2d at 508, citing to, *Courville v. Promedco of S.W. Florida, Inc.*, 743 So. 2d 41, 42 (Fla. 2nd DCA 1999).

Here, Baratta, via his January 22nd declaration describes the substance and nature of numerous communications with his attorney to support his position with his declaration as follows:

  (1) "at no time did I give Rick Martin ("Martin") authority to settle this case on my behalf" (Baratta Decl. ¶5);
  (2) "I did not give him any authority to accept proposals on my behalf" (Baratta Decl. ¶6);
  (3) "I told Martin that I needed to have all proposals in writing before I could agree to the terms" (Baratta Decl. ¶7);
  (4) "[a]t no time did Martin tell me that I had entered into a binding oral

6

agreement on August 11 or August 17, 2006" (Baratta Decl. ¶17); and,

(5) "[a]s far as I was concerned, the settlement negotiations were ongoing and at no time did I ever agree to the terms" (Baratta Decl. ¶20).

Baratta even contradicts himself in claiming that "at no time did Martin tell me that I had entered into a binding oral agreement" (Baratta Decl. ¶17) while his own Exhibit A to his declaration reveals otherwise. Handwritten on the face page of Exhibit A is a note to Baratta from Martin wherein Martin tells Baratta that the parties "reached an agreement on August 15, a month ago." Exhibit A to Baratta's declaration is attached hereto as Exhibit 2 for ease of reference.

In the instant motion, Homeland has asserted that the parties entered into a valid and binding settlement. Baratta alleges the contrary claiming that he never consented to the settlement and that he never gave Martin authority to settle on his behalf. (Baratta Decl. ¶¶5, 6, 7, 17 and 20.) In view of Baratta's waiver of the attorney-client privilege, the Court should order an evidentiary hearing, after Baratta's deposition on February 13, 2007, regarding whether the parties entered into a binding settlement.

## IV.

## CERTIFICATION

Pursuant to Local Rule 7.1(A)(3), counsel for Homeland contacted Baratta's counsel in an attempt to resolve this matter. Counsel was unable to resolve this matter.

## V.

## CONCLUSION

The Court should strike the January 22nd declaration of Baratta. Also, Baratta's sur-reply presents improper arguments regarding the statute of frauds and virtual assignments that should have been included in Baratta's opposition. Similarly, Baratta's declaration merely repeats the

claims of Baratta's opposition papers and Baratta provides no explanation as to why the declaration was not presented with those papers. Alternatively, if the Court elects to consider the sur-reply and Baratta's declaration, Homeland requests the Court allow Homeland, after Baratta's deposition, to file a response to the sur-reply, and then hold an evidentiary hearing.

Dated this 31st day of January, 2007.

Respectfully submitted,

By: ___/smgaffigan/_____
Stephen M. Gaffigan, P.A.
LAW OFFICES OF STEPHEN M. GAFFIGAN
312 S.E. 17th Street, Second Floor
Ft. Lauderdale, Florida 33316
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
Email: Stephen@smgpa.net

And

Daniel M. Cislo, Esq.
   Admitted Pro Hac Vice
David B. Sandelands, Esq.
   Admitted Pro Hac Vice
CISLO & THOMAS, LLP
233 Wilshire Boulevard, Suite 900
Santa Monica, California 90401
Telephone: (310) 451-0647
Facsimile: (310) 394-4477

Attorneys for Homeland Housewares, LLC

## **CERTIFICATE OF SERVICE**

I CERTIFY that on January 31, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record identified below, either via transmission of the Notice of electronic Filing generated by CM/ECF or in some other appropriate manner for those counsel or parties who are not authorized to receive electronically generated Notices of Electronic Filing:

David A. Gast
DGast@malloylaw.com
Malloy & Malloy, P.A.
2800 SW 3rd Avenue
Miami, Florida 33129
Counsel for Plaintiff

Rick Martin
RMartin@patentcolorado.com
Patent Law Office of Rick Martin
416 Coffman Street
Longmont, Colorado 30501
Counsel for Plaintiff

Luis S. Konski
Luis.Konski@ruden.com
Ruden, McClosky, et al.
701 Brickell Avenue, 19th Floor
Miami, Florida 33131
Counsel for Rick Martin

                                        _____/smgaffigan/_____
                                        Stephen M. Gaffigan