IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JOSEPH BARATTA | ) Civil Action No. 05-60187 MARRA/ SELTZER |
| Plaintiff, | ) REPLY IN SUPPORT OF MOTION TO STRIKE JANUARY 22, 2007 DECLARATION OF JOSEPH BARATTA AND MOTION TO STRIKE SUR-REPLY |
| v. | |
| HOMELAND HOUSEWARES, LLC, | |
| Defendant. | |

I.

## THE COURT SHOULD STRIKE THE JANUARY 22nd DECLARATION OF JOSEPH BARATTA

### A. Baratta's Late-Filed Declaration Prejudices Homeland

Baratta admits that Homeland was unfairly prejudiced by Baratta's late-filed declaration in support of Baratta's opposition to Homeland's motion to enforce the parties' settlement agreement.[1] (Response, ¶5.) However, Baratta argues that all prejudice that Homeland has suffered has now been ameliorated because Baratta's deposition was taken on February 13, 2007. Baratta is incorrect. Even though Baratta has admitted that his declaration constitutes a waiver of the attorney-client privilege with regard to his communications with his former attorney, Martin, Baratta nevertheless refused to produce at deposition any written communications between himself and Martin regarding the settlement. By refusing to produce these crucial documents, the prejudice to Homeland caused by Baratta's late-filed declaration

---

[1] Baratta's January 22nd declaration was filed 32 days late.

continues. For this reason, Baratta's January 22nd declaration should be stricken.

### B. Baratta Admits That He Did Not Terminate Martin's Authority to Negotiate On His Behalf Until After the Parties' Settlement Occurred

During deposition, Baratta admitted that he authorized Martin to negotiate a settlement on his behalf. (Baratta Depo. 48:16-22.). See a true and correct copy of the transcript of the deposition of Joseph Baratta, taken February 13, 2007, attached as Exhibit "A" to the Declaration of Daniel Cislo in Support of Homeland's Reply attached hereto as Exhibit "1." While Baratta now denies that the parties settled on August 17, 2006, Baratta nevertheless admits that he did not terminate Martin until after September 11, 2006. (Baratta Depo. 44:24-45:11.) Baratta fails to explain why he waited almost a month to terminate Martin, after Martin had allegedly exceeded his authority and entered into a settlement on Baratta's behalf. Baratta's failure to immediately terminate Martin strongly suggests that Baratta had, in fact, given Martin consent to enter into the agreement.

### C. Baratta's Declaration Should be Struck Because it is 32 Days Late

Baratta's declaration should also be stricken because it is inexcusably late. More specifically, Baratta's declaration was filed 32 days after Baratta's opposition papers were due. Baratta has made no showing of excusable neglect that would justify his late-filed declaration. The content of the declaration is not newly discovered evidence extracted from a previously missing affiant. Rather the declaration merely repeats the unsupported statements of Baratta's opposition and therefore should have been filed with the opposition.

## II.

## BARATTA HAS FAILED TO PROVIDE THE COURT WITH ANY BASIS TO JUSTIFY ENTRY OF BARATTA'S SUR-REPLY—CONSEQUENTLY, THE SUR-REPLY SHOULD BE STRICKEN

Plaintiff does not contend that Homeland's reply brief sets forth any new claims or legal theories. Rather Plaintiff contends that it should be allowed an opportunity to file a sur-reply addressing the contents of the January 11th Martin declaration. Homeland disagrees on the ground that the Martin declaration does nothing more than present rebuttal evidence addressing

the claims of Baratta's opposition brief. (Baratta's declaration further constitutes a waiver of the attorney-client privilege with respect to the issue of consent.) Consequently, Baratta's sur-reply should be stricken.

In the event the Court determines that Baratta should now be allowed to address the Martin declaration, Baratta's sur-reply strays well beyond the subject matter of the declaration. Section II of the sur-reply presents substantive new arguments regarding the statute of frauds, while Section III of the sur-reply presents substantive new arguments regarding an alleged virtual license. Consequently, the Court should at the very least strike Sections II and III of the sur-reply which do not in any manner address the contents of Martin's declaration. No authorization exists in the Federal Rules of Civil Procedure or the local rules of the Southern District of Florida for parties to file sur-replies. To allow sur-replies as a regular practice "would put the court in the position of refereeing an endless volley of briefs." *Garrison v. Northeast Georgia Medical Center, Inc.*, 66 F. Supp. 2d 1336, 1340 (N.D. Ga 1999).

### III.

### CONCLUSION

For all of the foregoing reasons, the Court should strike Baratta's sur-reply, or at least, Sections II and III of the sur-reply which are entirely unrelated to the contents of the January 11th Martin declaration. Alternatively, if the Court does elect to entertain the entirety of the sur-reply, Homeland should be afforded an opportunity to address the issues raised therein. Similarly, the Court should strike Baratta's declaration. Alternatively, should the Court elect to entertain Baratta's January 22nd declaration, then a genuine dispute regarding whether the parties have reached a binding settlement has arisen and the Court should order an evidentiary hearing. Settlements are highly favored as a means to conserve judicial resources, and will be enforced when it is possible to do so. *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486

(11th Cir. 1994).

                                Respectfully submitted,

Dated: February 15th, 2007       By:    ___/smgaffigan/_____
                                              Stephen M. Gaffigan, P.A.
                                              LAW OFFICES OF STEPHEN M. GAFFIGAN
                                              312 S.E. 17th Street, Second Floor
                                              Ft. Lauderdale, Florida 33316
                                              Telephone: (954) 767-4819
                                              Facsimile: (954) 767-4821
                                              Email: Stephen@smgpa.net
                                              Attorneys for Homeland Housewares, LLC

## CERTIFICATE OF SERVICE

I CERTIFY that on February 15, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record identified below, either via transmission of the Notice of electronic Filing generated by CM/ECF or in some other appropriate manner for those counsel or parties who are not authorized to receive electronically generated Notices of Electronic Filing:

David A. Gast
DGast@malloylaw.com
Malloy & Malloy, P.A.
2800 SW 3rd Avenue
Miami, Florida 33129
Counsel for Plaintiff

Rick Martin
RMartin@patentcolorado.com
Patent Law Office of Rick Martin
416 Coffman Street
Longmont, Colorado 30501
Counsel for Plaintiff

Luis S. Konski
Luis.Konski@ruden.com
Ruden, McClosky, et al.
701 Brickell Avenue, 19th Floor
Miami, Florida 33131
Counsel for Rick Martin

                                                /smgaffigan/
                                                Stephen M. Gaffigan