UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 05-60187-CIV-MARRA/JOHNSON

JOSEPH BARATTA,

    Plaintiff,

v.

HOMELAND HOUSEWARES, LLC,

    Defendant.
_____/

## ORDER DENYING MOTION TO STAY

THIS CAUSE is before the Court on Defendant Homeland Housewares, LLC's Motion for a Stay of the Proceedings Pending Reexamination of the Patent in Suit (DE 98), filed August 10, 2007.  The motion is now fully briefed and is ripe for review.  The Court has carefully considered the motion and is fully advised in the premises

**Background**

On February 7, 2005, Plaintiff Joseph Baratta ("Plaintiff" or "Baratta") filed the instant suit against Homeland Housewares, LLC ("Defendant" or "Homeland"), claiming one count of patent infringement under the Patent Act, 35 U.S.C. § 271.  The facts, as alleged in the Complaint and the parties' briefs, are as follows: Plaintiff was granted a patent for the "Magic Juice Filter," a "juicer attachment" to a blender, on March 15, 1996.  (Compl. ¶¶ 6, 9.)  Plaintiff has not licensed any of his rights under the patent to any other party.  (Compl. ¶ 8.)  Plaintiff alleges that Defendant is manufacturing and distributing a similar product that infringes on Plaintiff's patent.  (Compl. ¶¶ 12, 13.)  Plaintiff further claims that Defendant has actual

knowledge of the infringement and that Defendant's conduct is willful and that Defendant acted in bad faith. (Compl. ¶¶ 19, 20.)

Defendant first requested a reexamination of the Baratta patent on July 21, 2005. (Def. Mot. 2.) The Patent and Trademark Office ("PTO") upheld the patent with the claims remaining unchanged. (*Id.*) Defendant claims that a new reexamination is necessary because it has "located new prior art patents filed years before Mr. Baratta filed for his patent and which consequently, cannot plausibly be sworn behind by Mr. Baratta." (*Id.*) In other words, because these new patents predate Plaintiff's patent, Defendant claims Plaintiff's patent is invalid. Defendant attempts to buttress its argument based on the Supreme Court's holding in *KSR International Co. v. Teleflex, Inc.*, 127 S. Ct. 1727 (2007), which Defendant claims overruled the "teaching, suggestion, and motivation" test for evaluating patents.

Defendant moved this Court for a stay of the proceedings pending resolution of the second reexamination on May 22, 2007. This Court denied Defendant's motion on the ground that the PTO had not yet granted the reexamination request. (DE 97.) Defendant now renews its request for this Court to use its inherent discretion to stay the instant action pending the outcome of the PTO reexamination.

Plaintiff responds that Defendant's request for reexamination is dilatory and argues that a stay of the proceedings is unwarranted. First, Plaintiff argues that this case has been pending for over two and a half years, and another stay will prolong the litigation for at least seven more months. (Pl. Resp. 5-6.) Plaintiff claims to have "incurred significant expenditures of time and resources, including discovery and at least six (6) depositions." (Pl. Resp. 6.) Plaintiff then argues that Defendant's dilatory moves will allow it to continue selling the infringing product,

with the effect of "destroy[ing] the market for Plaintiff's product." (Pl. Resp. 7.) Finally, Plaintiff claims that he will be prejudiced by further delay due to his advanced age (Plaintiff is 69 years old) and his poor health. (Pl. Resp. 9.)

Plaintiff also argues that the reexamination will not "simplify the issues" such that a stay of the proceedings is warranted. Plaintiff argues that *KSR* does not explicitly overrule the "teaching, suggestion, and motivation" test. Thus, Plaintiff maintains, the Baratta patent will be evaluated in the same light as in the last reexamination. Even if the "teaching, suggestion, and motivation" test has been overruled, Plaintiff argues that a second reexamination will not change the present claims unless the PTO's prior evaluation was based solely on that test. (Pl. Resp. 11.) Plaintiff finally argues that the "additional evidence" Defendant has located was already considered during the initial examination of the Baratta patent. (Pl. Resp. 12.)

Plaintiff also claims that his trademark infringement claim is prejudiced by the delay and that the delay will not reduce the burden of the litigation. (Pl. Resp. 14-15.)

### Discussion

District Courts have "inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc., v. Quigg*, 849 F.2d 1422, 1427-28 (Fed. Cir. 1988). Orders staying litigation are inherently discretionary, and stay orders are generally only reversed when they are "immoderate" and "of an indefinite duration." *See CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982). While discretionary, "the sponsors of the patent reexamination legislation clearly favored the liberal grant of stays by the district courts when patents are submitted for reexamination as a mechanism for settling disputes quickly and less expensively and for

providing the district courts with the expertise of the patent office." *Lentek International, Inc. v. Sharper Image Corp.*, 169 F. Supp. 2d 1360, 1362 (M.D. Fla. 2001).

In making its determination on whether to stay litigation during a PTO reexamination, courts generally consider three factors: "1.) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; 2.) whether a stay will simplify the issues in question and trial of the case; and 3.) whether discovery is complete and whether a trial date has been set." *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999).

The Court finds that these factors weigh against grating the stay. This case has been pending for nearly three years. Defendant has already been granted one stay of the litigation to permit the first PTO reexamination of the Baratta patent. Defendant continues to sell the allegedly infringing product; when combined with Plaintiff's advanced age and poor health, the Court concludes that Plaintiff's case would likely be prejudiced by granting another stay in this case.

Further, the Court concludes that the stay will not simplify issues in this case. Defendant asserts in conclusory fashion that "the Baratta patent will likely not survive reexamination with its present claims intact" to support its contention that a stay is justified. (Def. Mot. 8.) Defendant fails to assert any support for this statement, other than its fervent desire and belief that the reexamination will change the present claims. Since no evidence or argument has been presented that these contentions have any support in reality, the Court cannot conclude that this factor weighs in favor of granting a stay.

Finally, the Court is concerned with the fact that this case has been pending for nearly three years, yet practically no forward progress has been made. The Court is concerned that if the

stay is granted, this case will simply languish on the docket without any future resolution. To encourage the parties to move forward with the litigation, the Court denies Defendant's motion.

### Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for a Stay of the Proceedings Pending Reexamination of the Patent in Suit (DE 98) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of December, 2007.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
All counsel of record